United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50102
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MAYLAN GOMEZ-LAGUNEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-02-CR-220-ALL-AML
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Maylan Gomez-Lagunez appeals the sentence imposed following

his guilty plea conviction of being found in the United States

after deportation/removal in violation of 8 U.S.C. § 1326.

Gomez-Lagunez contends that 8 U.S.C. § 1326(a) and 8 U.S.C.

§ 1326(b) define separate offenses.  He argues that the prior

conviction that resulted in his increased sentence is an element

of a separate offense under 8 U.S.C. § 1326(b) that should have

been alleged in his indictment.  Gomez-Lagunez maintains that he

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

pleaded guilty to an indictment which charged only simple reentry under 8 U.S.C. § 1326(a).  He argues that his sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.  Alternatively, he argues that construing 8 U.S.C. § 1326(b) as a sentence-enhancement provision renders the statute unconstitutional.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses.  The Court further held that the sentencing provisions do not violate the Due Process Clause.  Id. at 239-47. Gomez-Lagunez acknowledges that his arguments are foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his arguments for further review.

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).  The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief.  In its motion, the Government asks that an appellee's brief not be required.  The motion is GRANTED.

AFFIRMED; MOTION GRANTED.